UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOAN OCHEI,<br><br>      Plaintiff,<br><br>-against-<br><br>ALAN LAPES; 317 ALADDIN HOTEL CORPORATION and NYC DEPT. OF HOMELESS SERVICES,<br><br>      Defendants. | 19-CV-3700 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Joan Ochei, appearing *pro se*, brings this action invoking the Court's federal question and diversity jurisdiction, 28 U.S.C. §§ 1331, 1332. By order dated April 26, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). (ECF No. 4.)

At the time Plaintiff filed her complaint, she also filed a motion for a temporary restraining order, and a declaration in support of her request for a temporary restraining order, seeking to have this Court enter an order "pending the Hearing on Plaintiff's Housing Court case" in the Civil Court of the City of New York, County of New York, under Index No. LT-657-19/NY. (ECF No. 3.)

By order dated May 1, 2019, the Court denied, without prejudice, Plaintiff's request for injunctive relief. (ECF No. 5.)

For the reasons set forth in this order, the Court dismisses the action for failure to state a claim, and as barred by the Anti-Injunction Act and the *Younger* abstention doctrine.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court

must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff drafted this complaint using the general complaint form provided by this Court. After checking the boxes on the form to indicate that she invokes both the Court's federal question and diversity of citizenship jurisdiction, she lists the following (in the section in which she is asked to indicate which of her federal constitutional or federal statutory rights have been violated): "Fair Housing, Civil Right[s] sect 1981, 1982, 1983[.] See attachment for further details." (ECF No. 2 at 2.)[1]

In the section in which she is asked to state the citizenship of the parties, Plaintiff states that she is a citizen of New York and a citizen of "Nigeria on A(10) status." (*Id.*) She states that Defendants are citizens of New York. (*Id.* at 3.) Plaintiff does not state when the events occurred, but instead says that the events are a "daily occurrence."

Plaintiff alleges that:

The landlord and NYC dept. of Homeless Service engage in various patterns of harassment, intimidation, and coercion on a daily basis for purpose of constructive eviction, including setting up the homeless tenants to flood the bathroom while plaintiff is inside the bathroom which could result in life threatening fall, allowing the homeless tenant to engage [in] verbal and physical assaults such as derogatory remarks, and stalking to stage attacks, shutting off essential utilities to prevent access, including shutting off hot water and running fungus and bacteria infected cold water that cause severe itch and rashes.

(*Id.* at 5.)

Plaintiff requests that the Court "issue a subpoena requiring release of surveillance video monitoring of the 4th floor and lobby," and that the "landlord stop the life threatening

---

[1] Page numbers refer to those generated by the Court's electronic case filing system.

harassments." (*Id.* at 6.) Plaintiff also requests an "Ex-parte TRO pending the Housing Court Hearing." (*Id.*)

A review of the records of the New York State Unified Court System (UCS) reveals that Plaintiff's housing court matter, *Ochei v. 317 Aladdin Hotel Corp, et al.*, Index No. LT-000657-19/NY, was scheduled for trial on December 3, 2019, in the Civil Court of the City of New York, County of New York. *See* https://iapps.courts.state.ny.us/webcivilLocal/LCSearch. It is unclear whether the trial took place and if so, whether the court issued a decision, but UCS records reveal that Plaintiff filed a motion to restore the case to the calendar, and that motion was scheduled to be heard on January 23, 2020. *Id*.

A review of this Court's records reveals that Plaintiff has previously brought an action against, among others, Alan Lapes and 317 Aladdin Hotel Corporation. *See Ochei v. The County of New York*, ECF 1:10-CV-3718, 117 (S.D.N.Y. Feb. 14, 2013) (dismissing, on motion for summary judgment, Plaintiff's § 1983 claims against the landlord defendants because defendants are private and not state actors and Plaintiff therefore failed to state a claim against them, and dismissing the Fair Housing Act claims because Plaintiff failed to produce evidence that defendants discriminated against her in violation of the Fair Housing Act).

## DISCUSSION

**A.     Claims Under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

1. **Alan Lapes and 317 Aladdin Hotel Corporation**

A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

As Defendants Alan Lapes and 317 Aladdin Hotel Corporation are private parties who do not work for any state or other government body, Plaintiff has not stated a claim against these Defendants under § 1983. *See Ochei*, ECF 1:10-CV-3718, 117.

2. **NYC Department of Homeless Services**

Plaintiff's claims against the NYC Department of Homeless Services must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

Plaintiff has also has not stated a claim under § 1983 against the NYC Department of Homeless Services.

B. **Discrimination Claims**

The Court construes Plaintiff's allegations that Defendants discriminated against her as asserting that Defendants violated the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.* The FHA "broadly prohibits discrimination in housing . . .." *Gladstone Realtors v. Vill. of Bellwood*,

5

441 U.S. 91, 93 (1979). Specifically, it prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status . . . national origin" or disability. 42 U.S.C.§ 3604(b), (f). The FHA also prohibits retaliation against persons who have asserted their rights under the FHA. *See id.* § 3617 (unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by [among others, §§ 3604 and 3605] of this title").

Even based on a liberal reading of Plaintiff's allegations, Plaintiff fails to state a claim under the FHA. Although Plaintiff alleges discrimination, she does not allege facts suggesting that any Defendant discriminated against her, or retaliated against her, on the basis of an impermissible factor.

## C. Interference with State-Court Proceedings

Even if Plaintiff stated any federal claim, the Court cannot grant Plaintiff the relief she seeks because of the Anti-Injunction Act and the *Younger* abstention doctrine.

### 3. The Anti-Injunction Act

The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. 2283. "[A]ny injunction against state court proceedings otherwise proper . . . must be based on one of the specific statutory exceptions [in the Act] if it is to be upheld." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970). State-court proceedings "should normally be allowed to continue unimpaired by intervention of the lower federal courts, with

6

relief from error, if any, through the state appellate courts and ultimately" the United States Supreme Court. *Id.*

The Anti-Injunction Act "applies when the requested injunction would either stay the ongoing state proceedings or prevent the parties from enforcing an order that has already issued." *Abbatiello v. Wells Fargo Bank, N.A.*, No. 15-CV-4210, 2015 WL 5884797, at *5 (E.D.N.Y. Oct. 8, 2015) (citing *Atl. Coast Line R.R. Co.*, 398 U.S. 281). Courts in this Circuit have long held that the Anti-Injunction Act apples to state-court eviction proceedings. *See Watkins v. Ceasar*, 88 F. App'x 458, 459 (2d Cir. 2004) (summary order) (affirming federal district court's denial of a motion to enjoin summary eviction proceedings in the Civil Court of the City of New York because of the Anti-Injunction Act and, alternatively, because the plaintiff had not shown a likelihood of success on the merits); *Allen v. N.Y.C. Hous. Auth.*, ECF 1:10-CV-0168, 12, 2010 WL 1644956, at *3 (S.D.N.Y. Apr. 20, 2010) ("Courts in this Circuit have repeatedly held that the Anti-Injunction Act bars a federal court from enjoining state-court eviction proceedings.") (collecting cases); *cf. Sinisgallo v. Town of Islip Hous. Auth.*, 865 F. Supp. 2d 307, 320 (E.D.N.Y. 2012) (holding that because the plaintiffs' "ability to litigate their federal disability claims in the state court eviction proceeding [was] 'more theoretical than real,' and . . . the state court [was] unlikely to hear their federal disability claims," the Anti-Injunction Act and the *Younger* abstention doctrine did not prevent a federal district court from enjoining a state-court eviction proceeding), *appeal withdrawn*, 12-1733 (2d Cir. Aug. 23, 2012).

4. ***Younger* Abstention Doctrine**

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that "a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment or irreparable injury that is both serious and immediate." *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973). *Younger* abstention is appropriate

in only three categories of state-court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013) ("*Sprint*").

In *Sprint*, the United States Supreme Court held that, among other circumstances, the *Younger* abstention doctrine must be applied to federal-court actions that would, in the absence of this doctrine, intervene in state-court civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint*, 571 U.S. at 72-73. When a plaintiff "seek[s] injunctive relief relating to the same property that is the subject matter of the underlying state court action[,] [this] *Sprint* prong applies." *Abbatiello*, 2015 WL 5884797, at *4; *see Clark v. Bloomberg*, No. 10-CV-1263, 2010 WL 1438803, at *2 (E.D.N.Y. Apr. 12, 2010) (*Younger* abstention doctrine precludes federal district court from staying pending state-court foreclosure and eviction proceedings because "both concern the disposition of real property and hence implicate important state interests, and there is no reason to doubt that the state proceedings provide [the plaintiff] with an adequate forum to make the arguments he seeks to raise in this court").

Because Plaintiff alleges nothing to suggest that there are grounds under the Anti-Injunction Act or the *Younger* abstention doctrine to justify this Court's interference in her ongoing state-court eviction proceeding, the Court cannot grant Plaintiff the relief she seeks.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim, and as barred by the Anti-Injunction Act and the *Younger* abstention doctrine. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). All other requests are denied as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: January 31, 2020
New York, New York

　　　　　　　　　　　　　　　　　　　　　COLLEEN McMAHON
　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge